UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| New Hampshire Insurance Company, : | |
| : | |
| Plaintiff, : | |
| : | Civil Action No. 11-5152 (SRC) |
| v. : | |
| : | **OPINION & ORDER** |
| Xiao Ying Ma et al., : | |
| : | |
| Claimants. : | |
| : | |
| : | |

**CHESLER**, District Judge

This matter comes before the Court on the application of Plaintiff New Hampshire Insurance Company ("Plaintiff") pursuant to the federal interpleader statute, 28 U.S.C. § 1335, and Federal Rule of Civil Procedure 65 and 67(a), for an Order to Show Cause 1) directing summons to issue for each of the individual Defendants, requiring them to appear and interplead in this action; and 2) restraining and enjoining the Defendants from instituting or prosecuting any proceeding in any state court or any United States District Court, except this Court, affecting the *res* which is the subject of this interpleader action.  The Court has reviewed the papers filed by Plaintiff, including the Bill in the Nature of Interpleader, and the Certification in support of its application for an Order to Show Cause.  It concludes that Plaintiff has not demonstrated, pursuant to Local Civil Rule 65.1, that its request should proceed in an expedited fashion, or that the issuance of an *ex parte* Order is justified.  Local Civil Rule 65.1 states that "no order to show cause to bring on a matter for hearing will be granted except on a clear and specific showing by affidavit or verified pleading of good and sufficient reasons why a procedure other than by notice

of motion is necessary."

Plaintiff filed a Bill in the Nature of Interpleader on September 7, 2011. Plaintiff's interpleader action arises from a bus accident on the New Jersey Turnpike on March 14, 2011, which resulted in the death of two persons, and the alleged injury of numerous others. Plaintiff issued a commercial auto liability insurance policy to Super Luxury Tours, Inc., the owner and operator of the bus involved in the accident; the policy limit, during the relevant period, was $5 million dollars per accident. Following the accident, numerous passengers filed lawsuits to recover damages for personal injuries. Plaintiff claims that eight lawsuits have been commenced to date: two venued in New Jersey, five in Pennsylvania, and one in New York. Plaintiff names 46 potential claimants as Defendants, all of whom appear to reside in the three aforementioned States. Plaintiff anticipates that further lawsuits will be brought in these jurisdictions.

On December 2, 2011, the Court entered an Opinion and Order finding that Plaintiff met the jurisdictional requirements of the federal interpleader statute, 28 U.S.C. § 1335, because, *inter alia*, Plaintiff has a bona fide fear that the claims ultimately brought against it by the various victims of the bus accident will exceed the insurance policy limit of $5 million dollars. The Court also acknowledged that, although Plaintiff is not named as a defendant in the pending lawsuits, Plaintiff, as the bus operator's insurer, "is not bound to wait until persons asserting claims against its insured have reduced those claims to judgment before seeking to invoke the benefits of federal interpleader." State Farm Fire & Casualty Co v. Tashire (hereinafter Tashire) 386 U.S. 523, 532, 87 S. Ct. 1199, 18 L. Ed. 2d 270 (1967). The Court required Plaintiff to post a bond in the amount of $5 million dollars, the insurance policy limit, to satisfy the *res* requirement of 28 U.S.C. § 1335(a). United States Fire Ins. Co. v. Asbestospray, Inc., 182 F.3d 201, 210 (3d Cir. 1999) (quoting In re Sinking of M/V Ukola, 806 F.2d 1, 5 (1st Cir. 1986))

(where an interpleader involves liability insurance proceeds, the money or property in dispute is the unexhausted policy limits).  Plaintiff posted said bond, which was approved by the Court, on or about January 5, 2012.

Plaintiff now seeks an order summoning the named Defendants to appear in this action and interplead in connection with their rights to the *res* in controversy, and restraining Defendants from instituting or prosecuting any proceeding in any state or federal court which affects said *res*.  However, Plaintiff has not demonstrated that its request for the foregoing relief is an emergency.  Plaintiff cites the need to "consolidate" pending actions to preserve the State's resources, and the rights of all interested parties, as a basis for immediate, ex parte relief.  However, Plaintiff's interest in this case is confined to the $5 million dollar fund, and "[t]hat interest receives full vindication when the court restrains claimants from seeking to enforce against the insurance company any judgment obtained against its insured, except in the interpleader proceeding itself." Tashire, 386 U.S. at 535.  Plaintiff has not alleged that any claimant is seeking to enforce against it a judgment obtained against Plaintiff's insured, Super Luxury Tours, Inc., much less that posture of any such action warrants immediate relief.  Notwithstanding Plaintiff's failure to show that emergency relief is warranted under the local rules, the Court will entertain a motion filed in the regular course, notifying all named Defendants, in accordance with Local Civil Rule 7.1.

Accordingly, **IT IS** on this 13th day of January, 2012,

**ORDERED** that Plaintiff's application for the issuance a Order to Show Cause summoning the Defendants, and issuing injunctive relief [docket entry no. 14] is **DENIED WITHOUT PREJUDICE**.

    s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge