UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| New Hampshire Insurance Company, | : |
| Plaintiff, | : |
| | : **Civil Action No. 11-5152 (SRC)** |
| v. | : |
| | : **OPINION** |
| Xiao Ying Ma, et al., | : |
| Claimants. | : |

**CHESLER**, District Judge

  This matter comes before the Court on the application of Plaintiff New Hampshire Insurance Company ("Plaintiff") pursuant to the federal interpleader statute, 28 U.S.C. § 1335, and Federal Rule of Civil Procedure 65 and 67(a), for an Order 1) summoning each of the forty-six (46) named Defendants and requiring them to appear and interplead in this action in connection with his or her respective rights; and 2) restraining and enjoining the Defendants from instituting or prosecuting any proceeding in any state court or any United States District Court, except this Court, affecting the *res* which is the subject of this interpleader action. Opposition was filed by Defendant Trong D. Nguyen ("Nguyen"), Defendant Alfonzo Reed ("Reed"), Defendant Durga Rai ("Rai"), Defendant Mirek Janiak ("Janiak"), Defendant Michael George Alvarez ("Alvarez"), and Defendants Andrea N. Chandler and Sandra Lenora Chandler (the "Chandlers"). The Court has considered the papers submitted by the parties, and concludes that there is no basis to require the Defendants to appear and interplead in this action in connection with their respective rights to the *res* at issue, since no Defendants are seeking to enforce against Plaintiff any judgment against its insured. It is sufficient for the Court to issue an injunction

preventing the execution of any Defendant-claimant's judgment, if and when such judgment is obtained, against the interpleaded fund, except through petition in these proceedings.

## I. BACKGROUND

As set forth in prior Opinions, this interpleader action arises from a bus accident on the New Jersey Turnpike on March 14, 2011, which resulted in the death of two persons, and the alleged injury of numerous others.  Plaintiff had issued a commercial auto liability insurance policy to Super Luxury Tours, Inc., the owner and operator of the bus involved in the accident; the policy limit, during the relevant period, was $5 million dollars per accident.  Following the accident, numerous passengers filed lawsuits to recover damages for personal injuries.  Plaintiff claims that eight lawsuits have been commenced to date: two venued in New Jersey, five in Pennsylvania, and one in New York.  Plaintiff names 46 potential claimants as Defendants, all of whom appear to reside in the three aforementioned States.  Plaintiff anticipates that further lawsuits will be brought in these jurisdictions.

On December 2, 2011, the Court entered an Opinion and Order finding that Plaintiff met the jurisdictional requirements of the federal interpleader statute, 28 U.S.C. § 1335, because, *inter alia*, Plaintiff has a bona fide fear that the claims ultimately brought against it by the various victims of the bus accident will exceed the insurance policy limit of $5 million dollars.  The Court also acknowledged that, although Plaintiff is not named as a defendant in the pending lawsuits, Plaintiff, as the bus operator's insurer, "is not bound to wait until persons asserting claims against its insured have reduced those claims to judgment before seeking to invoke the benefits of federal interpleader."  State Farm Fire & Casualty Co v. Tashire (hereinafter Tashire) 386 U.S. 523, 532, 87 S. Ct. 1199, 18 L. Ed. 2d 270 (1967).  The Court ordered Plaintiff to post a bond in the amount of $5 million dollars, the insurance policy limit, to satisfy the *res* requirement

of 28 U.S.C. § 1335(a).  United States Fire Ins. Co. v. Asbestospray, Inc., 182 F.3d 201, 210 (3d Cir. 1999) (quoting In re Sinking of M/V Ukola, 806 F.2d 1, 5 (1st Cir. 1986)) (where an interpleader action involves liability insurance proceeds, the money or property in dispute is the unexhausted policy limits).  Plaintiff posted said bond, which was approved by the Court, on or about January 5, 2012.

On January 9, 2012, Plaintiff sought an Order to Show Cause 1) requiring each of the individual Defendants to appear and interplead in this action; and 2) restraining and enjoining the Defendants from instituting or prosecuting any proceeding in any state court or any United States District Court, except this Court, affecting the *res* which is the subject of this interpleader action. The Court denied the application as non-emergent, noting that Plaintiff was free to file a motion in the ordinary course, notifying all Defendants, in accordance with Local Civil Rule 7.1. Plaintiff then requested the same relief via notice of motion, to which it annexed the Bill in the Nature of Interpleader.

## II.     ANALYSIS

In a federal interpleader action, the district court may, pursuant to 28 U.S.C. § 2361, enjoin pending federal or state court proceedings affecting the "instrument or obligation involved in the interpleader action until further order of the court." Accordingly, where an insurance company interpleads a fund constituting the limits of its potential liability for claims against its insured, the court may restrain claimants from "seeking to enforce against the insurance company any judgment obtained against its insured, except in the interpleader proceeding itself." Tashire, 386 U.S. at 535.  However, an injunction pursuant to § 2361 "must not be overbroad." Asbestospray, Inc., 182 F.3d at 211 (quoting 7 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1717 (West 1986)).  Thus, while § 2361 may, in limited circumstances,

provide jurisdiction for the court in an interpleader action to enjoin other proceedings (including state court proceedings) beyond those seeking enforcement of a judgment against the interpleaded *res*, such an injunction is unwarranted where "the scope of the litigation, in terms of parties and claims, [is] vastly more extensive than the confines of the [interpleaded] 'fund'[.]" Travelers Indem. Co. v. Greyhound Lines, Inc., 377 F.2d 325, 357 (5th Cir. 1967) (quoting Tashire, 386 U.S. at 533-34). Only where the fund itself is the "target of the claimants," and "marks the outer limits of the controversy" may the court "in discharge of its office to protect the fund . . . also protect the stakeholder from vexatious and multiple litigation." Tashire, 386 U.S. at 534.

     In the case at bar, Plaintiff argues that the Court should enjoin the initiation and prosecution of actions against its insured, other than the instant one, in which claims relating to the subject bus accident are or will be raised. To date, at least eight claimants have filed personal injury suits against numerous defendants, including Plaintiff's insured, and the lawsuits are venued in three different states. More lawsuits will likely be filed. Plaintiff argues that an injunction of these proceedings is "necessary to preserve the State's resources in producing all of these employees/witnesses once, in a consolidated setting," and to "ensure the effectiveness of the interpleader remedy by eliminating inconsistent factual and legal findings across multiple jurisdictions." (Pl.'s Br., ¶ 9.) Plaintiff further asserts that allowing substantive discovery to proceed in multiple jurisdictions would unduly favor claimants who are further along in litigation, and prejudice claimants who proceed more slowly. Indeed, Plaintiff argues, allowing the various claimants to prosecute separate civil actions will lead to a "race to judgment," forcing this Court to address, in a piecemeal fashion, the potential claims of 46 different passengers to the interpleader fund of $5 million. Id. ¶ 11. Thus, Plaintiff concludes, this case is

distinguishable from Tashire, where the interest of the insurer was confined to a $20,000 policy. Here, due to Plaintiff's significant stake in the outcome of the litigation, the effect of the interpleader should be "to confine the total litigation to a single forum and proceeding." Tashire, 386 U.S. at 534.

Plaintiff asserts that the facts in this case are analogous to the Texas District Court case of Aetna Casualty & Surety Co. v. Ahrens, 414 F. Supp. 1235 (S.D. Tex. 1975), where a group of insurers filed an interpleader action to address over 300 competing actual and potential personal injury claims against the insolvent insureds, a seafood restaurant and its suppliers, stemming from an incident later referred to as the "Oyster Hepatitis Epidemic." All of the claimants who sued did so in the State of Texas; 105 of those cases had been settled, and 105 were pending in Harris County, Texas. The court in Ahrens noted as follows:

> The record in this case indicates that the insurers had attempted to settle claims until such time as they realized that full settlement could not be achieved in view of the number of suits being filed, the magnitude of the potential liability exposure and the corresponding possibility that the funds might be depleted entirely before all claims were known or settled. At that point, the insurers filed the federal interpleader action.

Id. at 1254. The insurers argued that the district court should enjoin state court proceedings against the insureds, and join the insureds and claimants in the interpleader action, on the basis that the interpleader fund was the "sole target" of the claimants, the insureds being insolvent, or marginally solvent. Thus, argued the insurers, their funds marked the "outer limits of the controversy." Id. at 1242-43, 1254. The Court preliminarily concluded that, while the insolvency of the insureds did not alone dictate joinder of the insureds and an injunction of the state court actions, it was a factor to be considered. Id. at 1247. The court sought briefing on this and other equitable considerations, based on the guidance set forth in Tashire and Travelers, including: (1) whether the claimants object to trying all of the claims in the interpleader

proceeding, (2) the liability exposure of the interpleading insurer and its stake in the case, (3) the location and posture of the litigation to be enjoined, (4) the interest of tort plaintiffs in prosecuting cases in their chosen forums, (5) the posture of the insureds in the litigation, and (6) the likelihood that duplicative discovery efforts and multiple costs of trial to the insurers would be incurred.  Id. at 1247-48.  After briefing, the court noted that the claimants expressed willingness to accede to the court's interpleader jurisdiction; the liability of the interpleading insurers was considerable, given that the insureds were actually or marginally insolvent, and that all the insurers had joined in filing the interpleader action; nearly all pending 109 state court actions were located in Harris County, Texas; the insureds were contesting the right to the insurance policy proceeds; and, the likelihood of duplicative and vexatious litigation was high.  The court held that these considerations weighed in favor of an injunction of all pending state court proceedings against the insurers and their insureds with respect to the subject hepatitis epidemic, during the pendency of the interpleader action.

  Defendants counter that the Ahrens case is non-binding, and, more importantly, not analogous to the case at bar.  In Ahrens, the pool of actual and potential claimants was large and uncertain, and over 100 claimants had already settled with the insurance companies.  By contrast, Tashire and Travelers involved a relatively small and finite number of claims resulting from a solitary bus accident, and, most importantly, the absence of claimants in possession of a judgment or settlement.  Thus, at the commencement of the interpleader action, there were no "rival claims to the fund itself," Tashire, 386 U.S. at 534.  Similarly, here, there are a finite number of potential claimants, and no claimants are in possession of judgments or settlements.  Moreover, whereas in Ahrens, the pooled insurance funds arguably constituted the outer limits of the controversy, in Tashire and Travelers, the interpleaded insurance funds did not constitute the

outer limits of the controversy, since the potential claims well exceeded the insurance funds. Accordingly, the Supreme Court concluded in Tashire that "the circumstance that one of the prospective defendants happens to have an insurance policy is a fortuitous event which should not of itself shape the nature of the ensuing litigation." 386 U.S. at 534-35.  Here, although Plaintiff's $5 million insurance policy is larger than the policies at issue in Tashire and Travelers, Plaintiff argued in its own motion to establish an interpleader fund, and the Court agreed, that the potential claims in this case appear to exceed Plaintiff's policy coverage of Super Luxury Tours; thus, the interpleader fund does not mark the outer limits of the controversy.  Moreover, Plaintiff does not argue that the bus company or the other alleged tortfeasors (including, for instance, the bus driver and the bus maintenance company) in the pending proceedings are insolvent.  The Court therefore concludes that Plaintiff's insurance coverage of Super Luxury Tours should not shape the nature of the claimants' pending or prospective personal injury suits, and that an injunction of those suits is unwarranted.[1]  In sum, this Court has "ample resources to assure, as appropriate, that it retains exclusive power and control over the [interpleader] fund," and that it can do so "without depriving the claimants of their valuable right" to have the liability of the bus company, its driver, and other potential tortfeasors determined "in the forum of [the claimants'] choice." *Travelers Indem. Co. v. Grehound Lines, Inc.*, 260 F. Supp. 530, 535 (W.D. La. 1966); see also Tashire, 386 U.S. at 535 (holding that "an insurance company whose maximum interest in the case cannot exceed [the policy maximum] . . . should not be allowed to determine that

---

[1] Other equitable considerations weigh against an injunction of litigation related to the May 14, 2011 accident.  First, the proceedings are not concentrated in one forum: suits have been filed in New Jersey, New York, and Pennsylvania.  Second, Defendant-claimants Nguyen, Reed, Rai, Janiak, Alvarez and the Chandlers have objected to the entry of an order compelling them to appear in this action and enjoining their pending lawsuits; thus, the responding claimants have not acceded to litigating their claims in this forum.

dozens of tort plaintiffs must be compelled to press their claims . . . in a single forum of the insurance company's choosing."). Plaintiff's interest in this case is confined to the $5 million interpleader fund, and "[t]hat interest receives full vindication when the court restrains claimants from seeking to enforce against the insurance company any judgment obtained against its insured, except in the interpleader proceeding itself." Tashire, 386 U.S. at 535.

### III.  CONCLUSION

For the reasons set forth above, Plaintiff's motion will be granted in part and denied in part.  An appropriate form of Order follows.


    s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

DATED: June 27, 2012